# EXHIBIT B

Priority
✓ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. CV 06-1068 DOC (RNBx) Date: July 18, 2006

Title: DEBRA F. HOLLOWAY v. HOME LOAN CENTER, INC.

DOCKET ENTRY

[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]

Date:_________ Deputy Clerk:_________

DOCKETED ON CM
JUL 19 2006
BY ___ 178

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Kristee Hopkins — Courtroom Clerk
Not Present — Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: NONE PRESENT

ATTORNEYS PRESENT FOR DEFENDANTS: NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) ("Motion"). The Court finds the matter is appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for July 17, 2006 has been removed from the Court's calendar. After reviewing the moving, opposing, and replying papers, and for the reasons set forth below, the Court GRANTS Defendant's Motion.

## I. BACKGROUND

On February 22, 2006, Plaintiff Debra F. Holloway, on behalf of herself and a putative class, filed an action against Defendant Home Loan Center, Inc. claiming violations of the Fair Credit Reporting Act ("FRCA" or "Act"), 15 U.S.C. § 1681 et seq. On May 22, 2006, Plaintiff filed a First Amended Complaint ("FAC"), which Defendant now seeks to dismiss.





(17)

According to the FAC, Defendant is a lender of home equity loans and often obtains information from consumer reporting agencies regarding potential customers. Plaintiff alleges that in November 2005, Defendant, without Plaintiff's knowledge or consent, obtained Plaintiff's consumer report and mailed her a written solicitation to enter into a credit transaction, namely a home equity loan. Plaintiff claims Defendant's actions violate the "firm offer" and "clear and conspicuous" disclosure requirements of the FRCA. 15 U.S.C. §§ 1681b, 1681m(d).

In her first cause of action, Plaintiff alleges that Defendant violated the "firm offer" requirement by mailing her a solicitation lacking material terms, such that it was too vague to determine whether it would be advantageous to accept. Plaintiff claims this does not comply with the permissible uses of non-consumer initiated reports as outlined in the FRCA, 15 U.S.C. § 1681b(c), which limits the use of an individual's consumer report to a transaction involving a "firm offer of credit or insurance."

In her second cause of action, Plaintiff alleges that Defendant further violated the FRCA by failing to include in the solicitation the necessary disclosures in a "clear and conspicuous statement" as required by 15 U.S.C. § 1681m(d). Plaintiff claims the disclosures, which appear in a smaller font on the reverse side of the solicitation, are not compliant with the requirements of the Act.

Defendant, in the instant Motion, seeks to dismiss both causes of action for failure to state a claim under pursuant to Rule 12(b)(6).

## II. LEGAL STANDARD

### A. Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. The Court must construe the complaint liberally, and dismissal should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory).

The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993); *Balistreri*, 901 F.2d at 699; *Cadillac Fairview v. Dow Chem. Co.*, 840 F.2d 691, 693 (9th Cir. 1988).

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d

750, 758 (9th Cir. 2003); *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000) (stating that a plaintiff should be given the opportunity to amend the complaint to overcome the deficiency unless it is clear from the complaint that an amendment cannot remedy the deficiency).

## III. DISCUSSION

### A. Firm Offer Claim

The FRCA, 15 U.S.C. § 1681 et seq., specifies the circumstances in which consumer reporting agencies can furnish consumer credit information, one of which includes extending offers of credit. 15 U.S.C. § 1681b(c). For this purpose, the FRCA allows a creditor to obtain limited information to pre-screen potential customers in order to extend a "firm offer of credit." *Kennedy v. Chase Manhattan Bank USA*, 369 F.3d 833, 840 (7th Cir. 2004). The Act defines a "firm offer of credit" as one "that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer, except that the offer may be further conditioned" on creditworthiness, verification of information provided, and provision of collateral. 15 U.S.C. § 1681a(l). As such, a creditor may be able to make a "'conditional' firm offer of credit . . . conditioned on the consumer meeting the creditor's previously-established criteria for extending the credit." *Kennedy*, 369 F.3d at 841.

In determining whether an offer of credit is a "firm offer" allowed by the Act and not "a guise for solicitation," "a court must consider the *entire* offer and the effect of *all* the material considerations that comprise the credit product in question." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 728 (7th Cir. 2004). Specifically, courts consider the amount of credit offered and the terms attached, including the interest rate to be charged, the method of computing interest and the repayment period. *Id.* Moreover, these terms are evaluated as they appear in the written offer, not "assessed *ex post*." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 956 (7th Cir. 2006) (holding that "a court need only determine whether the four corners of the offer satisfy the statutory definition . . . and whether the terms are honored when consumers accept").

However, when these terms are vague and it is unclear whether the offer will be honored even if the consumer meets the pre-determined criteria, the offer is not considered a "firm offer" within the definition of the statute, and as such, the offer violates the FRCA. *See Cole,* 389 F.3d at 728 (holding that the district court erred in dismissing section 1681b claim when promotional offer of credit contained language that "creates a question whether the offer of credit will be honored" and lacked important terms of credit); *see also Hyde v. RDA, Inc.*, 389 F. Supp. 2d 658, 667 (D. Md. 2005) (holding that an offer that "does not specify an interest rate or range of interest rates, makes no mention of the repayment period, and fails to describe the method by which interest will be compounded" and is ambiguous about whether the offer would be honored cannot be considered a "firm offer of credit"). For example, courts have ruled solicitations not to be "firm offers" when they contain contradictory

statements of guarantee or language indicating a shifting criteria. *See, e.g.*, *Cole*, 389 F.3d at 728 (noting that it was questionable whether offer would be honored because offer guaranteed "at least three hundred dollars for the purchase of a vehicle," but also indicated "[g]uaranteed approval is neither express nor implied"); *Hernandez v. Chase Bank USA*, 429 F. Supp. 2d 983, 988 (N.D. Ill. 2006) (finding that an offer was not "firm" because it stated that "program terms and conditions are subject to change" in addition to lacking material terms).

Plaintiff claims Defendant's solicitation does not constitute a "firm offer" and violates the FRCA because it lacks material terms, specifically that (1) the quoted interests rates are subject to credit approval; (2) the actual amount of loan may vary; (3) the APR is subject to change based on unspecified market conditions; (4) all rates vary depending on the loan product, are subject to credit approval, and may to change at any time, without notice; and (5) unspecified terms and conditions apply.

These allegations are belied by an examination of the solicitation letter at issue sent to Plaintiff by Defendant in this case. FAC Ex. A. Defendant's offer to Plaintiff includes details stating the minimum loan amount of "$40,000 or more;" a 15-year term; the collateral requirement specifying a primary residence; an introductory interest rate for the first three months of 6.00% or 6.75%; the rate thereafter as either Prime minus 0.25% or 6.25% (as of September 25, 2005); a maximum APR of 18%; an annual fee not to exceed $75; and property insurance requirements. *Id.* It is apparent from the solicitation letter that Defendant has included many material terms of the offer that can inform a consumer as to whether to accept or not.

These terms are significantly more detailed than those at issue in *Putkowski v. Irwin Home Equity Corp.*, 423 F. Supp. 2d 1053 (N.D. Cal. 2006), which the court concerned an offer for a home equity line specifying a loan amount of $15,000 to $300,000 for a 20-year term, a variable APR ranging from 5.65% to 16.9% that is subject to change, a maximum APR of 24%, applicable fees, insurance requirements, and payment options. *Id.* at 1058-59. The *Putkowski* court ruled this constituted a "firm offer" under FCRA. *Id.* Conversely, in *Hernandez*, the court held that an offer with an ambiguous loan amount lacking material terms, such as an interest rate or repayment period, and that conditioned the loan on "information obtained and verified during the application process" was not a clear "firm offer." 429 F. Supp. 2d at 987 (internal quotation marks omitted, emphasis removed). The *Hernandez* court found that when "the exact nature of the loan is subject to more than verification and analysis of preselected criteria, allowed by the FCRA, but rather to criteria which are subject to change" the offer is not a "firm offer" within the Act. *Id.*

The material terms contained in an offer are used to distinguish a legitimate credit product from "a guise for solicitation." *GMAC*, 434 F.3d at 955 (citing *Cole*, 389 F.3d at 728). Defendant's offer provides sufficient information about the material terms of the loan to constitute a "current, firm offer of credit" rather than "a sham offer used to pitch a product." *Id.* Although the offer also specifies that the loan rates will be subject to approval, this does not prevent it from being a "firm offer." The

FCRA states that a "firm offer of credit" may be further conditioned on previously established criteria of credit-worthiness and verification.[1] Further, credit terms that include loan rates that are subject to change can be present in a "firm offer." *See Putkowski*, 423 F. Supp. 2d at 1059.

Plaintiff, however, reads the phrase "interest rates are subject to approval" in the offer letter to mean that "approval of the offer is conditioned on other factors other than predetermined criteria." Pl.'s Opp'n to Mot. to Dismiss 2-3. The FCRA allows the exact terms of a loan to be conditioned upon information of a consumer's creditworthiness and the creditor's criteria. 15 U.S.C. § 1681a(l). It does not require that creditors disclose all procedures and criteria in a "firm offer," only that a record of the criteria be maintained. 15 U.S.C. §§ 1681a(l), 1681m(d)(3). Defendant's offer states that acceptance of the offer will be followed by verification of "credit, income and loan-to-value," and that if the consumer fails to meet Defendant's criteria, Defendant may decline to extend the credit.[2] FAC Ex. A. The offer further states that loans are "subject to credit approval." *Id.* None of

---

[1] 15 U.S.C. § 1681a(l) provides that a firm offer of credit may be conditioned on one or more of the following:

(1) The consumer being determined, based on information in the consumer's application for the credit or insurance, to meet specific criteria bearing on credit worthiness or insurability, as applicable, that are established–

(A) before selection of the consumer for the offer; and

(B) for the purposes of determining whether to extend credit or insurance pursuant to the offer.

(2) Verification–

(A) that the consumer continues to meet the specific criteria used to select the consumer for the offer, by using information in a consumer report on the consumer, information in the consumer's application for the credit or insurance, or other information bearing on the credit worthiness or insurability of the consumer; or

(B) of the information in the consumer's application for the credit or insurance, to determine that the consumer meets the specific criteria bearing on the credit worthiness or insurability.

(3) The consumer furnishing any collateral that is a requirement for the extension of the credit or insurance that was–

(A) established before selection of the consumer for the offer of credit or insurance; and

(B) disclosed to the consumer in the offer of credit or insurance.

[2] Defendant's offer states, in relevant part:

Information obtained from a credit bureau may have been used to determine your eligibility. If you respond to this letter, we will verify your credit,

these statements or features is contrary to what the FRCA allows. Plaintiff seems to read Defendant's language acknowledging that more information or further verification will be needed as meaning factors other than those previously established by the creditor will be used. Plaintiff improperly reads this clause in isolation from the rest of the offer, which does indicate the features of the criteria, namely verification of credit, income, and loan-to-value. *Id.*; *see Cole*, 389 F.3d at 728 (noting that the entirety of the offer must be evaluated for its sufficiency under section 1681b). In doing so, Plaintiff conflates conditional approval with approval based on other criteria.[3] The Court finds that Defendant's offer as a whole includes material terms that indicate the type of credit that would be extended and states that the loan would be subject to additional information or verification based on certain criteria. It therefore falls within the FCRA definition of a "firm offer of credit." Thus, Plaintiff's claim as to Defendant's failure to make a "firm offer" is dismissed.

**B. Clear and Conspicuous Statement Claim**

Plaintiff claims that Defendant's offer fails to make the statutorily-required disclosures in "a clear and conspicuous" manner under 15 U.S.C. § 1681m because the language appears in smaller font on the reverse side of that offer. According to 15 U.S.C. § 1681m(d), a person who uses a consumer report to make any credit or insurance solicitation not initiated by the consumer must provide "a clear and conspicuous statement." The statement must indicate that the consumer's credit information was used in connection with the transaction, that the consumer received the solicitation due to meeting the criteria for the offer, that the credit may not be extended if the consumer does not satisfy the criteria for credit worthiness, and that the consumer has the right to opt out of further uninitiated credit reporting. 15 U.S.C. § 1681m(d)(1). Until 2003, a private cause of action was recognized under section 1681m. In 2003, however, the Act was amended to include a new subsection specifying that "[t]his section shall be enforced exclusively . . . by the Federal agencies and officials." 15 U.S.C. § 1681m(h)(8). This addition of this language has caused some confusion about whether Congress intended to eliminate the private right of action to challenge violations of section 1681m.

---

> income, and loan-to-value, but if you do not meet the criteria or fail to furnish any required documentation, we may be unable to extend credit to you.

FAC Ex. A.

[3] Plaintiff additionally alleges that Defendant's offer was not firm because "Defendant knew that none of the recipients would qualify for the minimum interest rate quoted." Opp'n to Mot. to Dismiss 9. However, the evaluation of a "firm offer" is limited to only "whether the four corners of the offer satisfy the statutory definition." *GMAC*, 434 F.3d at 956. While Plaintiff may have a claim under section 1681n for willful noncompliance or section 1681q for obtaining information under false pretenses, these allegations do not state a cause of action under section 1681b.

Plaintiff argues that the private right of action still exists, because section 1681m(h)(8) should be read to mean subsection, instead of "section" as written. In support, Plaintiff cites a recent district court decision in which the court interpreted the Act this way. *See Barnette v. Brook Road, Inc.*, 2006 U.S. Dist. LEXIS 28555, *19 (E.D. Va. May 3, 2006). However, this interpretation is an anomaly. The clear majority of courts, including this Court, have read the amendment to section 1681m to eliminate the private right of action. *See, e.g., Stavroff v. Gurley Leep Dodge, Inc.*, 413 F. Supp. 2d 962, 966 (N.D. Ind. 2006); *White v. E-Loan, Inc.*, 409 F. Supp 2d 1183, 1187 (N.D. Cal 2006); *Crowder v. PMI Mortgage Ins. Co.*, 2006 U.S. Dist. LEXIS 35497, *5-6 (M.D. Ala. May 26, 2006); *Phillips v. New Century Fin. Corp.*, 2006 U.S. Dist. Lexis 18498, *8 (C.D. Cal. Mar. 1, 2006); *Murray v. Cross Country Bank*, 399 F. Supp. 2d 843, 844 (N.D. Ill. 2005); *Murray v. Household Bank (SB), N.A.*, 386 F. Supp. 2d 993, 997 (N.D. Ill. 2005); *McCane v. Am.'s Credit Jewelers, Inc.*, 2005 U.S. Dist. LEXIS 30961, *10 (N.D. Ill. Dec. 1, 2005); *Pietras v. Curfin Oldsmobile, Inc.*, 2005 U.S. Dist. LEXIS 26510, *7 (N.D. Ill. Nov. 1, 2005); *see also GMAC*, 434 F.3d at 951 (stating in dicta that section 1681m(h)(8) "abolishes private remedies for violations of the clear-disclosure requirement, which . . . will be enforced administratively").

The Court agrees with the weight of authority that the word "section" means section, not subsection, thus precluding a private right of action. When interpreting statutory language, the Court "must presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54, 112 S. Ct. 1146 (1992). It is not the province of the courts to redraft legislation. *Lamie v. United States Tr.*, 540 U.S. 526, 542, 124 S. Ct. 1023 (2004). Moreover, the fact that Congress uses both "section" and "subsection" throughout section 1681m supports a distinction in meaning. *See Phillips*, 2006 U.S. Dist. Lexis 18498, at *10; *see also Putkowski*, 423 F. Supp. 2d at 1062 ("It is clear from the text of the FCRA that 'section' has a particular meaning within the hierarchy of 'section,' 'subsection,' 'paragraph,' 'subparagraph,' and 'clause.'"). Finally, the context of the section 1681m(h)(8) enforcement provision further supports the Court's reading. The provision is the only portion of section 1681m that addresses enforcement. Interpreting it to apply only to subsection (h) would leave no guidance as to who is entitled to sue for violations of the remaining subsections of 1681m. Therefore, the Court concludes that there is no private right of action under section 1681m. Hence, Plaintiff's clear and conspicuous claim must be dismissed.

## IV. DISPOSITION

For the reasons set forth above, the Defendant's Motion is GRANTED. Plaintiff's first cause of action is DISMISSED WITHOUT PREJUDICE. Plaintiff's second claim is DISMISSED WITH PREJUDICE. The Court grants thirty (30) days' leave to amend.

The Clerk shall serve this minute order on all parties to the action.