# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CYNTHIA A. DIXON,<br><br>Plaintiff,<br><br>v.<br><br>CALUSA INVESTMENTS, LLC,<br>d/b/a NEXT DAY LOAN,<br><br>Defendant. | C.A. No. 06-442 T<br><br>ORAL ARGUMENT REQUESTED |

## CALUSA INVESTMENTS, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

The Court should grant Calusa Investments, LLC's ("Calusa") Motion to Dismiss Complaint, because the offers that Calusa mailed to plaintiff for mortgage loans in the amount of $265,625 with an interest rate of 7.99% were "firm offers" of credit within the meaning of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA").

## I. CALUSA'S OFFERS COMPLY WITH FCRA'S EXPRESS REQUIREMENTS; THE OFFERS' TERMS ARE SPECIFIC

### A. Calusa's Offers Meet FCRA's Express Requirements; Federal Reserve Board Guidelines Do Not Govern The Statutory Analysis

In its supporting memorandum, Calusa set out exactly the manner in which its offers to plaintiff comply with FCRA's statutory requirements to constitute "firm offers of credit." See Def. Memo at 12. In particular, Calusa's mailers to plaintiff (1) offered *credit* in the amount of $265,625.00; (2) are addressed to plaintiff, a consumer; and (3) will be honored if plaintiff continues to meet certain enumerated requirements at the time of her application for credit. Id.; see also 15 U.S.C. § 1681a(*l*). Plaintiff makes no effort to refute these points.

Instead, plaintiff suggests that information on a website maintained by the Federal Reserve Board should provide the legal standard that governs whether a mailer is a "firm offer of

credit." Pl. Memo. at 7-8. The guidelines, however, carry no legal authority. Instead, the information on the web-site is designed to help consumers comparison shop among lenders for credit products, something Calusa itself assists with by providing a comparison in its own offer to plaintiff. Moreover, FCRA contemplates that a consumer responding to a "firm offer" will fill out a loan application and have ample time to consider the loan's terms and conditions before entering into any agreement. See Kennedy v. Chase Manhattan Bank USA, NA, 369 F.3d 833, 841 (5th Cir. 2004). Nothing in the Federal Reserve Board's informational brochure on mortgage lending suggests that Calusa's offers to plaintiff were not firm offers of credit or that they were intended to govern the content of "firm offers."

**B. Plaintiff Ignores The Material Terms In Calusa's Offers**

Plaintiff takes great effort to cast aside each of the numerous terms that are contained in Calusa's mailers and suggests that the terms either do not really exist or they are not what they appear to be.[1] See Pl. Mem. at 3-6. Plaintiff's arguments are directly contradicted by the plain text of the mailers attached as Exhibits A through C to the Complaint.

Calusa expressly offered plaintiff 30-year secured loans in the precise amount of $265,625 with an interest rate of 7.99%. Nonetheless, plaintiff repeatedly contends that the loan amounts and other terms that Calusa offered to plaintiff were merely "examples" and not actual terms of the offer. See, e.g., Pl. Memo. at 3 ("[t]hese mailings contained no specific interest rate percentage, and no specific amount for which Plaintiff was approved"); 5 ("the mailer fails to tell the consumer what loan is being offered to the recipient") . Plaintiff's argument appears to be based upon a wishfully- and plainly inaccurate reading of the Calusa's offers. Specifically, the offers provide the consumer with a comparison between the hypothetical debt load that a typical

[1] While Calusa does not concede that FCRA requires the Court to limit its analysis to the "four corners" of the mailer, for the purpose of its Motion for Judgment on the Pleadings, Calusa does not argue the point, but reserves the right to do so in the future if necessary.

consumer receiving the offers may have and the concrete and definite terms that comprise Calusa's "firm offers" of credit to plaintiff. The offer also states that the comparison, that is "example,"

> is based upon the following: A new Calusa arm loan of $265,625 with a rate of 7.99% and a term of 360 months (30 years) and an Annual Percentage Rate ("APR") of 10.546%.

Complaint, Exhibits A-C (emphasis added). The use of the term "example" unmistakably refers not to Calusa's offer, but to the comparison provided by Calusa. Even though Calusa used the definite terms of its offers to illustrate potential savings to the consumer by comparison to assist the consumer in evaluating the offer, plaintiff argues that the offer contained no terms and contained no information that would help the consumer comparison shop. See Pl. Memo. at 7-8. The material terms on the face of Calusa's offers (i.e. the $265,625 loan amount; 7.99% interest rate; 360 month term; and 10.546% APR), however, unequivocally refute plaintiff's argument.[2]

Calusa's offers of credit disclosed numerous material terms, and, as such, were detailed enough to apprise the plaintiff that she had received a "firm offer" of credit, as opposed to a sales pitch for some other product that was not credit-related.[3]

## II. COLE IS NOT BINDING PRECEDENT; EVEN SO, CALUSA'S OFFERS COMPLY WITH COLE

The Seventh Circuit's opinion in Cole v. U.S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004), is not binding on this Court, and in any event, Calusa's offers meet Cole's requirements under any reading of the opinion. Cole does not require a "firm offer" under the FCRA to contain definite

---

2 Plaintiff's observation that the loan amount appears to be disclosed on what plaintiff characterizes as a "faux check" is also of no legal moment, because there is no support for the assertion that the loan amount has to be presented in any particular manner. Calusa offered definite amounts of credit, placed in large print, and the amount is stated at least twice in each of Calusa's offers to plaintiff. See Exhibits A-C to Complaint.

3 Contrary to plaintiff's statement on page 6 of Pl.'s Memo., Calusa's offers do disclose (as they are permitted to do under FCRA) that the offers are contingent on: (1) Calusa obtaining a first secured lien on property with a minimum/maximum value; (2) verification of employment and acceptable income, credit history and collateral; and (3) plaintiff's continued satisfaction of the creditworthiness criteria used to select her for the offers. See Complaint Exhibits A-C; Calusa's Memo at 6; see also 15 U.S.C. § 1681a(*l*)(1)-(3).

material terms. Cole only holds that a "firm offer" must be for a credit product and have value to a consumer. The court further stated that it may look to whether the offer contains certain material terms in determining whether it conveys sufficient value. See Cole, 389 F.3d at 727-28; see also Pl. Memo. at 14. Nothing in FCRA requires a "firm offer" of credit to contain specific material terms. See Putkowski v. Irwin Home Equity Corp., 423 F. Supp. 2d 1053, 1060 (N.D. Cal. 2006); Poehl v. Countrywide Home Loans, Inc., No. 4:06cv928 --- F. Supp. 2d ----, 2006 WL 3628982 at 5 (E.D. Mo. Nov. 1, 2006). Indeed, numerous cases applying Cole have found the existence of a "firm offer" of credit when considering offers with fewer material terms than Calusa's offers. See Perry v. First Nat'l Bank, 459 F.3d 816, 824 (7th Cir. 2006) (upholding district court's dismissal where amount of credit and interest rate were only terms provided); Poehl, 2006 WL 3628982(dismissing case where offer states loan amount and no other terms); Murray v. HSBC Auto Fin., Inc., No. 05 C 4040, 2006 WL 2861954 at *3 (N.D. Ill. Sep. 27, 2006) (dismissing case where "firm offer" of credit offered $5,000 and offer contained example of how loan could reduce monthly payments); Soroka v. Homeowners Loan Corp., Case No. 8:05cv2029-T-17MAP, 2006 U.S. Dist. LEXIS 38847 at *9 (M.D. Fla. June 12, 2006) (dismissing case where "firm offer of credit" disclosed loan amount and stated that loan could be used for any purpose).[4]

## III. PLAINTIFF'S RELIANCE ON STATE LAW IS CONTRARY TO FCRA

Plaintiff's argument that the Court should resort to common-law contract principles to determine what constitutes an "offer" under the FCRA (and that Calusa's offer to

---

4 Hyde v. RDA, Inc., 389 F. Supp. 2d 658 (D. Md. 2005), is also distinguishable in much the same was as Cole. In Hyde, the defendant offered plaintiff between $300 up to $22,500 which could only be used "toward the purchase of a 1999 or newer vehicle from Enterprise America Finance." Hyde, 389 F. Supp. 2d at 661. As in Cole, the court took issue with the fact that the defendant's offer could only be used toward the partial purchase of consumer products. See id. at 666-667. Unlike the offers in Hyde and Cole, Calusa's offers are for legitimate credit products (i.e. a home loan) the proceeds of which may be used for any purpose. See Complaint Exhibits A-C. As such, neither Cole nor Hyde support a finding that Calusa's offers are not "firm offers of credit."

plaintiff is not an offer "capable of acceptance") (see Pl. Memo. at 10-13), is contrary to FCRA.

First, there is no need to refer to common-law contract principles for a definition of "firm offer" in the context of FCRA because Congress has already supplied an extensive definition of the term. See 15 U.S.C. § 1681a(*l*). Plaintiff's reliance on FDIC v.Meyer, 510 U.S. 471, 476 (1994), is misplaced because in that case, there was no statutory definition of the term in question. See Putkowski, 423 F. Supp. 2d at 1060 (rejecting plaintiff's argument to incorporate state contract law principles in FCRA). Moreover, FCRA's definition of "firm offer of credit" explicitly permits lenders like Calusa to condition offers of credit on several factors including: (1) the consumer continuing to meet pre-established creditworthiness criteria; (2) verification of a consumer's continued creditworthiness; and (3) the consumer's ability to furnish sufficient collateral for the loan. See 15 U.S.C. § 1681a(*l*)(1)-(3); see also Kennedy, 369 F.3d at 841. Importing state contract law principles that require a firm offer to be capable of immediate acceptance contradicts the plain language of the FCRA. Other courts agree. See Cole, 389 F.3d at 726, n.6. (stating that "[w]e believe that Ms. Cole's reliance on state law is misplaced. The meaning of an undefined term in the FCRA, a federal statute, is a question of Congress' intent. There is no question that Congress intended a uniform application of the meaning of 'firm offer of credit'") (emphasis added); see also Putkowski 423 F. Supp. 2d at 1060.[5]

## IV. PLAINTIFF HAS NOT PLEAD A CLAIM FOR WILLFULLNESS

Plaintiff's argument that the Court cannot dispose of plaintiff's willfulness claim on a Motion to Dismiss has no merit. First, plaintiff never addresses the authority defendant provided in support of this very proposition. See Defendant's Memo. at 20 (citing Wilson v. Academic Fin. Solutions, No. 05-40361, 2006 WL 3043245 (E.D. Mich. Oct. 23, 2006) (slip.

---

5 Plaintiff's suggestion that the Court adopt the definition of Restatement is similarly unavailing. Again, plaintiff has cited no support for why a court should adopt the Restatement definition when the FCRA itself defines "firm offer of credit." Moreover, the Restatement is just that: a *restatement* of state law and the Seventh Circuit has already rejected arguments to infuse the FCRA with state contract law interpretation. Cole, 389 F.3d at 726, n.6.

op.) (dismissing willful claim under FCRA)). Next, plaintiff provides new allegations that are not contained in the Complaint, thereby tacitly admitting that the allegations in the Complaint are precisely the type of "bald assertions" and "unsupportable conclusions" that are worthy of dismissal. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

## V. CONCLUSION

Calusa Investments, LLC respectfully requests that the Court grant Calusa's Motion to Dismiss Complaint.

CALUSA INVESTMENTS, LLC
d/b/a NEXT DAY LOANS

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Steven E. Snow
Steven E. Snow (#1774)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
ses@psh.com

DATED: January 19, 2007

Of counsel:

R. Bruce Allensworth, Esq. (Pro Hac Vice)
Irene C. Freidel, Esq. (Pro Hac Vice)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100
(617) 261-3175 FAX
ballensworth@klgates.com
ifreidel@klgates.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing CALUSA INVESTMENTS, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT was filed with the Clerk of the United States District Court for the District of Rhode Island this 19TH day of January, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Christopher M. Lefebvre, Esq.
Claude Lefebvre, Esq.

/s/ Steven E. Snow

897104_1/5629-2