**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CYNTHIA A. DIXON** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **C.A. No. 06-442-T** |
| **CALUSA INVESTMENTS, LLC, d/b/a** | ) | |
| **NEXT DAY LOAN** | ) | |
| **Defendant** | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Cynthia A. Dixon ("Dixon" or "Plaintiff") respectfully submits this memorandum in support of her objections to the Report and Recommendation of the Magistrate which found that the Motion to Dismiss filed by Calusa Investments, LLC, d/b/a Next Day Loan's ("Calusa" or "Defendant") should be granted. [1]

## I THE MAILER PROVIDES NO VALUE

The Fair Credit Reporting Act limits access to a consumer's private financial information unless the Consumer gives permission to a creditor or the creditor is making a firm offer of credit to the consumer. The Courts are divided as to what constitutes a firm offer of credit. One group, follows the seminal decision of the 7th Circuit in *Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir.2004) holding that an offer means what is says and to qualify under this exception, the correspondence (the mailer) must contain sufficient terms that a consumer can use to decide

[1] Plaintiff incorporates all of the arguments raised in her detailed Memorandum of law filed in opposition to the Motion to Dismiss to support her position that the Report and Recommendation of the Magistrate Judge should be rejected. For brevity purposes, the Plaintiff has chosen not to simply reproduce that document here.

whether to pursue the offer or to compare against other offers. The second group finds that detailed information about loan terms is not specifically outlined in the statute and therefore unnecessary to establish a firm offer of credit. Instead, the test is whether the offer provides some value. The First Circuit has yet to opine on this issue.

The Magistrate elected to join the second group and found that since the Defendant's communication refers to a loan of $256,625.00, that "[a] mortgage loan in this amount would certainly have some value to the normal consumer." See Report and Recommendations at P. 10. According to the Magistrate Judge, providing a loan amount with absolutely no terms or even a range of terms is sufficient to constitute a firm offer of credit. /[2] Plaintiff respectfully submits that while this conclusion is most consistent with the second group of cases – the conclusion illustrates the shortcoming of that group's analysis. If the mere mention of a sizeable loan amount with nothing more is tantamount to a "firm offer of credit" then any lender can obtain access to private confidential financial information about any consumer by merely suggesting that the recipient may be eligible for a loan of a substantial amount. With all due respect to the Magistrate Judge, such a conclusion renders the requirement of a firm offer of credit meaningless because it does not provide any real information to anyone.

This precise point is best illustrated by the Magistrate Judge's heavy reliance on Soroka v. Homeowners Loan Corp., 2006 U.S. LEXIS 38847 ( M.D. Fla. June 2006). In citing to *Soroka,* the Magistrate Judge noted " that every consumer and every lender has a common understanding that home loans are for a definite period of time, that banks charge interest rates

[2] Plaintiff is not suggesting that a solicitation has to include each and every possible term and condition on the mailer in order to constitute a firm offer of credit. However, at a bare minimum, the interest rate and term of loan must be disclosed in order to constitute a firm offer of credit.

for lending money, and that interest rates are subject to change." See Report and Recommendations at P. 11. Accordingly, since everyone knows home loans are made and interest is charged on the loan, the solicitation sent by Calusa provided absolutely no value to the Plaintiff because it failed to give details about what interest rate would be charged for the loan. A flyer that states you may receive a loan does not tell a consumer any more than what he or she already knows. If this is all that is required, then the "firm offer" requirement would simply mean that the person obtaining the personal financial information need only show that it is a lender. If this was the intent of Congress then the use of the term "firm offer of credit" was both unnecessary and superfluous. All Congress had to say was that "lenders or insurers may obtain the specified private financial information about consumers without their permission." In contrast, Congress chose to add the requirement that "the transaction consists of a firm offer of credit or insurance."

Congress did not elect to open the financial files of all consumers to any lender. Rather, it decided to allow the consumer's right to privacy to be compromised only if the invasion served some purpose and gave the consumer some benefit. Plaintiff suggests that purpose cannot be met by merely telling a person that they may be eligible for a loan, regardless of whether there is a specific loan amount or not. Instead, as the Board of Governors of the Federal Reserve System recognized in its report to Congress entitled "Report to the Congress on Further Restrictions on Unsolicited Written Offers of Credit and Insurance in December, 2004" the benefit to be exchanged for the invasion of a consumer's privacy was providing the consumer information, which the consumer could use to comparison shop financial products. The Board found there was value in allowing unsolicited offers because the "widespread dissemination of pricing and

product information contained in prescreened offers helps to make markets for these products more competitive". See Report at p. 28. /[3] The Board's view is that "[p]rescreened solicitations based on CRA records provide price and product information to the marketplace in vast quantities tailored and provided directly to consumers who might use the products. See Report at p. 29. How does Calusa's mailer, which offers no specific pricing information, make markets more competitive? Without the tailored information expected in a firm offer, Calusa's mailers serve no purpose and are simply another example of a basic advertisement for mortgages.

This issue was addressed in the Plaintiff's initial Memorandum in Opposition to the Motion to Dismiss but evidently was over looked by the Magistrate Judge in his Report and Recommendation. Neither Dixon, nor any other consumer (even the most sophisticated- a CPA or appellate judge) could possibly comparison shop when provided nothing more than a loan amount. The Calusa mailer does not provide the type of "tailored" offer that includes pricing and product information envisioned by the Board of Governors. Therefore, it is not a firm offer of credit required by the FCRA.

The Board of Governors' report to Congress found that the real value of prescreening was that a tailored offer of credit provided meaningful pricing information to consumers. The average consumer is concerned with one basic question: How much will this loan cost me? The suggestion that the variables in connection with a mortgage are perhaps too great to deal with does not withstand scrutiny. Mortgage lenders regularly advertise loans terms in newspapers. Many local papers even summarize the loan terms offered by various mortgage companies. The

[3] The entire report can be found at the following website:

http://www.federalreserve.gov/boarddocs/rptcongress/UnsolicitedCreditOffers2004.pdf

mailer received by Plaintiff was nothing more than a fancy slick advertisement and provided no meaningful value to Dixon. Calusa was not permitted to obtain access to Dixon's credit file without making a firm offer of credit in accordance with the FCRA.

## II. CONCLUSION

The Magistrate Judge's conclusions are contrary to the privacy protections contemplated by the FCRA and the bona fide purposes of prescreening. The solicitation received by Calusa was not a firm offer of credit as it did not contain any meaningful terms and accordingly provided no value to the Plaintiff. This Court should reject the Report and Recommendation of Magistrate Judge Almond. For the reasons stated above, this Court should deny Calusa's Motion to Dismiss.

Respectfully submitted;

/s/Christopher M. Lefebvre #4019
CLAUDE F. LEFEBVRE AND
CHRISTOPHER M. LEFEBVRE, P.C.
Two Dexter Street
Pawtucket, RI 02860
P.O. Box 479 (Mailing address)
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (fax)
lefeblaw@aol.com

**Of Counsel:**
Scott C. Borison
Bar No. 22576
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick MD 21703
Borison@legglaw.com
(301) 620-1010
(301) 620-1018

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the attached Memorandum in Support of Objection to The Report and Recommendation of Magistrate Judge with the Clerk of the District of Rhode Island using the CM/ECF System. The following participants have received a copy and notice electronically: Steven E. Snow at Partridge Snow & Hahn LLP and Bruce Allensworth, Brian M. Forbes and Irene C. Friedel at Kirkpatrick & Lockhart Nicholson Graham LLP on March 1, 2007.

/s/Christopher M. Lefebvre

finaloppositiontorr.wpd