**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CYNTHIA A. DIXON,<br>Plaintiff<br><br>v.<br><br>CALUSA INVESTMENTS, LLC D/B/A<br>NEXT DAY LOAN,<br>Defendant | C.A. No. 06-CV-442 |

**CALUSA'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendant Calusa Investments, LLC ("Calusa") respectfully submits its Response To Plaintiff's Objections To The Magistrate Judge's Report And Recommendation ("Pl. Objections") pursuant to L.R. Civ. 72(d)(3) and 7. For the reasons stated below, the Magistrate's Report and Recommendation ("R&R") should be adopted in its entirety and Calusa's Motion to Dismiss should be granted.[1]

## I. BACKGROUND

Plaintiff received three offers of credit from Calusa (copies of which are attached as Exhibits A through C to the Complaint) during the two years preceding the filing of this action. Complaint at para. 10. They were addressed to plaintiff and each offer states that plaintiff has been "pre-selected" for an adjustable rate mortgage loan in the substantial amount of $265,625.00. See Exhibits A through C to Complaint; see also R&R at 10. The offers include

[1] Calusa incorporates by reference, as if fully restated herein, its Memorandum of Law in Support of its Motion to Dismiss Complaint (Docket at 6) and its Reply Memorandum in Support of its Motion to Dismiss Complaint (Docket at 14).

the following additional explicit terms:[2]

- interest rate of 7.99% (subject to variation based on credit history and other factors);
- 30 year term;
- Annual Percentage Rate ("APR") of 10.546% (origination fees and closing costs are included in the APR but may vary by state).

See Exhibits A through C to Complaint. Calusa's offers place no restrictions on how plaintiff may use the proceeds of any loan she obtained from Calusa. Id.

Plaintiff filed this lawsuit alleging that the offers of credit are not "firm offers of credit" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA"), because, according to plaintiff, they are "sham" offers that lack sufficient credit terms. On December 6, 2006, Calusa moved to dismiss plaintiff's claim.

The Magistrate Judge found that Calusa had offered plaintiff a mortgage loan in the amount of $256,625.00, and that such offer was a "firm offer" under FCRA. See Magistrate's Report at 10. Specifically, the Magistrate Judge reasoned that: (1) nothing in FCRA requires a "firm offer" to disclose particular credit terms (R&R at 11-12); (2) such a requirement would be unworkable where "firm offers" of credit are extended based on limited information subject to later verification (R&R at 12); and (3) mortgage lenders, in particular, are unable to disclose all the material terms of an offer in the initial "firm offer" because so much depends on other factors not known to the lender at the time of the offer (R&R at 12-13).

On March 1, 2007, plaintiff filed Objections to the Report and Recommendation. The Report and Recommendation should be adopted by the Court. Nothing in plaintiff's Objections

[2] Exhibits A through C to the Complaint contain substantially identical terms, despite the fact that their layout and appearance differ slightly and each offer reflects a different date. Exhibit A is dated August 21, 2006; Exhibit B is dated August 28, 2006; and Exhibit C is dated September 4, 2006.

suggests that the Magistrate Judge's analysis was incorrect or inconsistent with FCRA's statutory framework.

## II. ARGUMENT

Plaintiff's Objections miss the mark as to three salient points regarding the "firm offer of credit" provisions of FCRA. **First**, nothing in FCRA or any case law, including the Seventh Circuit's decision in Cole v. US Capital, Inc., 389 F.2d 719, 725 (7th Cir. 2004), requires a lender to disclose particular terms in a "firm offer" of credit to a consumer.[3] In fact, requiring lenders – and in particular, mortgage lenders – to provide all material credit terms in a "firm offer" of credit would eviscerate FCRA's "firm offer" provisions. **Second**, the plain language of FCRA contemplates that "firm offers" of credit may be conditioned on any number of factors. To the extent that Calusa placed conditions on its offer to plaintiff, those conditions were permitted by the plain language of the statute. **Third**, Congress has already provided comprehensive protections for consumer's privacy by enacting the "firm offer" framework contained in FCRA. Re-writing that framework, as plaintiff invites this Court to do, would put the Court in the shoes of Congress and upset FCRA's balance making it virtually impossible for lenders to extend "firm offers" of credit to the detriment of consumers and market competition. Accordingly, this Court should reject plaintiff's arguments, and adopt the Magistrate's Report and Recommendation.

[3] In the interest of brevity, Calusa does not restate its arguments regarding Cole here, but incorporates by reference its discussion of Cole in its Memorandum in Support of Motion to Dismiss dated December 16, 2006 at 17-20.

**A. NOTHING IN FCRA OR CASE LAW REQUIRES A "FIRM OFFER" OF CREDIT TO CONTAIN ALL MATERIAL TERMS; THE MAGISTRATE JUDGE CORRECTLY FOUND THAT CALUSA'S OFFER IS A "FIRM OFFER" OF CREDIT**

Apparently relying on the Seventh Circuit's decision in Cole, plaintiff argues that a "firm offer" of credit "means what it says" and must contain all material credit terms. See Pl. Objections at 1-2. Because, according to plaintiff, Calusa's offer does not contain every term applicable to a mortgage loan, it lacks "value" and does not constitute a "firm offer" within the meaning of FCRA. Plaintiff further incorrectly suggests that the Report and Recommendation can be read to support the proposition that a lender may make a "firm offer" to a consumer by "merely suggesting that the recipient may be eligible for a loan of a substantial amount." Pl. Objections at 2; see also id. at 3.[4] The Report and Recommendation does not fit within the extreme characterization given to it by plaintiff. Further, plaintiff has not cited to any section of FCRA that requires a "firm offer" to contain every material term, because there is none. The Magistrate Judge correctly rejected plaintiff's argument noting that nothing in FCRA or the case law requires the disclosure of material credit terms in a "firm offer" of credit. See R&R at 11-12.

The recent "firm offer" decision in Nasca v. J.P. Morgan Chase Bank, N.A., No. 06-3472, 2007 WL 678407 (S.D.N.Y. March 5, 2007), is instructive. There, the plaintiff filed an identical claim to the claim asserted by plaintiff here and – like plaintiff – relied exclusively on the Seventh Circuit's holding in Cole even though no court in the Second Circuit has yet to adopt

[4] Plaintiff similarly states that the Report and Recommendation can be read to support the proposition that a "firm offer" can be met "by merely telling a person that they may be eligible for a loan, regardless of whether there is a specific loan amount or not." Pl. Objections at 3.

its holding. In rejecting Cole, like Magistrate Judge Almond here, the court noted that FCRA does require certain information (other than credit terms) to be included in a "firm offer." Nasca, 2007 WL 678407 at *3.[5] The court found the statute's requirement that a "firm offer" contain certain disclosures, and its silence as to the inclusion of credit terms to be persuasive. The court stated that "Congress did not include specific credit amounts and rates among [the] list of required disclosures … Pursuant to the canon of statutory construction inclusio unius est exclusio alterius – to express or include one thing implies the exclusion of the other – where Congress has explicitly enumerated certain disclosure requirements within the text of the FCRA, this Court should not imply any additional disclosure requirements." Id., at *4. See also Cavin v. Home Loan Center Inc., --- F.Supp.2d ----, 2007 WL 92509 (N.D. Ill. Jan. 10, 2007) (stating that "we do not read Cole or Perry to require disclosure of every single loan term for an offer to be considered firm"); Putkowski v. Irwin Home Equity Corp., 423 F. Supp. 2d 1053 (N.D. Cal. 2006); Poehl v. Countrywide Home Loans, Inc., --- F. Supp. 2d ---, 2006 WL 3628982 at *3 (E.D. Mo. Nov. 1, 2006).

Plaintiff erroneously suggests that there is a dichotomy of decisions wherein one group of cases follows Cole and requires the inclusion of credit terms in a "firm offer" and another group rejects Cole and requires no credit terms in the offer. See Pl. Objections at 1-2. Plaintiff startlingly charges the Magistrate Judge with finding that "providing a loan amount with absolutely no terms or even a range of terms is sufficient to constitute a firm offer of credit." Id.

[5] FCRA specifically requires a "firm offer" of credit to disclose that "(1) consumer credit reports were used in connection with the transaction; (2) the consumer was selected to receive the offer of credit because she satisfied the criteria for creditworthiness used by the offeror; (3) if the consumer does not continue to meet the criteria for a finding of creditworthiness or fails to provide the required collateral, then the credit may not be extended; (4) the consumer may decide to not receive any future credit offers by prohibiting the use of information contained in her credit file that is not initiated by her; and (5) the consumer may exercise that right by calling a given toll-free number or by contacting the credit agency at a stated address." Nasca, 2007 WL 678407 at *3; see also 15 U.S.C. § 1681m(d).

at 2. Plaintiff's characterization of the Report and Recommendation is inaccurate, and, moreover, there is no such dichotomy of cases following Cole and rejecting Cole. Further, the Magistrate Judge's Report and Recommendation does not fall within plaintiff's non-Cole camp.

Plaintiff's argument implies that a court adopting Cole is precluded from finding a "firm offer" of credit absent the inclusion of all credit terms in the mailer. Conversely, plaintiff suggests that a court that rejects Cole, such as Judge Almond, is holding that a "firm offer" may not contain any credit terms whatsoever. Plaintiff's argument is not supported by the case law, since numerous cases applying Cole have found the existence of a "firm offer" of credit where the offer failed to include all credit terms. See, e.g., Perry v. First Nat'l Bank, 459 F.3d 816, 824 (7th Cir. 2006); Murray v. HSBC Auto Fin., Inc., No 05 C 4040, 2006 WL 2861954 (N.D. Ill. Sep. 27, 2006). Moreover, courts rejecting Cole have found "firm offers" must contain the terms required by FCRA, as do Calusa's offers. See Memorandum in Support of Motion to Dismiss at 12 (chart discussing FCRA's requirements), incorporated herein by reference.

The Magistrate Judge correctly distinguished Cole on its facts from the allegations presented here and found that Calusa's mailer was a "firm offer" of credit. As the Magistrate Judge stated:

> the flyer sent to Dixon satisfies the initial 'value' consideration. The offer Dixon received was for a mortgage loan of $256,625.00. In this Court's view, a mortgage loan in this amount would certainly have some value to the normal consumer. Moreover, unlike the offer in Cole of $300,000 towards the financing of a motor vehicle, Calusa's offer states that it can be used for 'any purpose.' Therefore on its face, the Calusa flyer cannot be considered a mere advertisement as was the solicitation at issue in Cole.

R&R at 10. With a specific loan amount, an interest rate, a loan term, and an example of how payments on Calusa's loan would compare to the consumer's hypothetical debt payments, Calusa's mailer to plaintiff had sufficient information to permit plaintiff to compare a loan from

Calusa with loans offered by other lenders. Without basis, plaintiff chooses to ignore the information in Calusa's mailer and instead suggest that it is nothing more than blank piece of paper. The Court should adopt the Magistrate Judge's Report and Recommendations and refuse to read new and unnecessary requirements into FCRA, as plaintiff urges.

### B. FCRA EXPRESSLY CONTEMPLATES THAT "FIRM OFFERS" OF CREDIT MAY BE CONDITIONAL OFFERS

Plaintiff fails to acknowledge that the "firm offer" provisions in FCRA contemplate the extension of conditional offers of credit which are subject to later verification. The Magistrate Judge's Report correctly recognized that "a firm offer is '…an offer made in the present, based on information known by the offeror, subject to later verification.'" See R&R at 12 (quoting Soroka v. Homeowners Loan Corp., No. 05-2029, 2006 U.S. Dist. LEXIS 38847 at *14 (M.D. Fla. June 12, 2006)).

Cases rejecting plaintiff's argument that "firm offers" of credit must contain all material terms have done so with good reason, because FCRA expressly permits a "firm offer" of credit to be conditional. The term "firm offer" is defined as "any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer." 15 U.S.C. § 1681a(*l*) (emphasis added). FCRA expressly recognizes that a creditor, after making a firm offer of credit but prior to extending credit, will receive an application from the consumer, obtain information regarding the consumer's collateral, and verify that the consumer continues to meet the creditor's prescreening criteria. See 15 U.S.C. § 1681a(*l*)(1)-(3); see also Kennedy, 369 F.3d at 841.

Thus, FCRA departs from the common law contract concept of an "offer," that is, something capable of acceptance. As stated above, FCRA expressly recognizes that a "firm offer

of credit" is actually a conditional offer that may be withdrawn for various reasons. Indeed, as one court has observed a "firm offer of credit" under FCRA "really means a 'firm offer if you meet certain criteria.'" Kennedy v. Chase Manhattan Bank USA, NA, 369 F.3d 833, 841 (5th Cir. 2004); see also Soroka, 2006 U.S. Dist. LEXIS 38847 at *14; R&R at 12.

In Cavin, 2007 WL 92509, the court recognized a mortgage lender's particular need to be able to extend conditional "firm offers" of credit. In that case, the court found existence of a "firm offer" of credit even though the defendant's offer lacked certain material terms. Regarding the specific context of a mortgage loan offer, the court stated that plaintiff's argument that a firm offer must contain every material term "poses particular difficulty in the case of a mortgage, because unlike a credit card, a mortgage is tailored to the individual consumer depending on how much he or she wishes to borrow, his or her current income, and the value of the property offered as collateral; all of this information would have to be provided by the individual borrower." Id. at *7; see also R&R at 12.

### C. FCRA, AS WRITTEN, IS DESIGNED TO PROTECT CONSUMERS' PRIVACY WHILE PERMITTING THE EXTENSION OF "FIRM OFFERS" OF CREDIT; FURTHER RESTRICTIONS ON "FIRM OFFERS" IS NOT WARRANTED

Plaintiff invokes consumers' privacy rights as the reason this Court should re-write FCRA to insert additional requirements as to what constitutes a "firm offer" of credit. Congress, however, provided comprehensive privacy protections to consumers when it enacted the statutory framework that governs "firm offers." Plaintiff has not provided any reason why this Court should disturb this system. Moreover, the Board of Governors' report, upon which plaintiff heavily relies, confirms that further restrictions on "firm offers" of credit will not benefit the consumer or the marketplace.

Lenders extending "firm offers" of credit are not, as plaintiff suggests, given free reign to "open the financial files of all consumers." In fact, there is no evidence whatsoever in this case that Calusa had access to plaintiff's credit file as plaintiff erroneously states. Pl. Objections at 5. Prescreening does not mean that a lender obtains the borrower's credit report; indeed, FCRA limits the type of information a lender may obtain in connection with the prescreening process that precedes the extension of a "firm offer of credit." See 15 U.S.C. § 1681b(c)(2); see also Kennedy, 369 F.3d at 841. (upholding dismissal where lender extended a "firm offer of credit" to plaintiffs).

Specifically, when a lender extends a "firm offer of credit" it is only permitted to know: (1) the consumer's name and address; (2) a non-unique identifier that may be used solely for the purpose of verifying the identity of the consumer; and (3) "other information pertaining to a consumer that does not identify the relationship or experience of the consumer with respect to a particular creditor or other entity." R&R at 5; see also 15 U.S.C. § 1681b(c)(2). Access to a consumer's full credit report is only permitted when and if the consumer contacts a lender in response to a "firm offer" of credit, fills out an application for credit and authorizes the lender to access the consumers fill report. It is at this time, that the lender is permitted to determine whether the consumer still meets the criteria for the extension of credit.

By permitting lenders to prescreen a consumer's credit history without obtaining a full credit report for the purpose of extending a "firm offer of credit," Congress has already provided privacy protection while affording lenders the right to target offers of credit to likely borrowers. Plaintiff cannot advance any serious argument for why this framework should be changed or – even if it should be changed – that the most effective and efficient way to do so is through piecemeal class action litigation throughout the nation. Speaking directly to this issue, the court

in Nasca stated that "[i]f Congress believes the statutory definition of "firm offer of credit" does not adequately protect the privacy of her credit information, it is for Congress to act; it is not for the judiciary to add requirements that do not exist in the statute." Nasca, 2007 WL 678407 at *4.

To support her argument that Calusa's offer was not sufficient to justify prescreening plaintiff's credit data, plaintiff relies on the Board of Governors' report to Congress, which Calusa submitted to the Court in support of its Motion to Dismiss. The report confirms that more restrictions on "firm offers" of credit will not favor consumers:

> Written offers of credit and insurance sent directly to consumers, often resulting from prescreened solicitation lists using credit records in the files of CRAs, have the potential to increase competition in the market for the relevant consumer financial services. The primary benefits of competition consist of lower prices and an increased availability of the product or service in question. As a result, it is reasonable to conclude that actions undertaken to restrict the ability of lenders and insurers to provide written offers of credit or insurance to consumers would on balance result in a less competitive marketplace and thus relatively higher prices and reduced availability.
>
> Also, it is difficult to see how further restrictions on the ability of lenders and insurers to provide written offers of credit or insurance to consumers would improve the condition of those individuals or groups of individuals who might have been underserved in the past. It also is difficult to see how reducing the amounts of direct, tailored information sent to consumers on the availability and pricing of financial services would improve their "knowledge about new or alternative products and services."

Federal Reserve Board of Governors Report (December 2004) at 6 (http://www.federalreserve.gov/boarddocs/rptcongress/unsolicitedcreditoffers2004.pdf).

As Magistrate Judge Almond found, Calusa's offer is a "firm offer" of credit because it provides a specific loan amount that has value to the normal consumer. As such, and as contemplated by the Board of Governors' report, offers of the type made by Calusa benefit competition and fit squarely within FCRA's scheme for prescreened offers of credit.

## III. CONCLUSION

The Magistrate Judge correctly determined that Calusa's offers to plaintiff constitute "firm offers of credit" under FCRA, and accordingly, plaintiff has failed to state a claim upon which relief can be granted. The Court should adopt the Magistrate's Report and Recommendation and dismiss plaintiff's claim in its entirety.

Respectfully submitted,

CALUSA INVESTMENTS, LLC, d/b/a
NEXT DAY LOANS,

By its counsel,

/s/ Steven E. Snow (#1774) ses@psh.com
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 (fax)

Of Counsel
R. Bruce Allensworth (ballensworth@klng.com)
Irene C. Freidel (ifreidel@klng.com)
Brian M. Forbes (bforbes@klng.com)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3100
Fax: (617) 261-3175

March 15, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Calusa's Response To Plaintiff's Objections To The Magistrate Judge's Report And Recommendation** was filed with the Clerk of the United States District Court for the District of Rhode Island this 15th day of March, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Christopher M. Lefebvre (Bar No. 4019)
Claude Lefebvre, Christopher Lefebvre, P.C.
P.O. Box 479
Pawtucket, RI 02862

/s/ Steven E. Snow (#1774)

906926_1/5629-2