UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

CYNTHIA A. DIXON

v. CA No. 06-442-T

CALUSA INVESTMENTS, LLC,
d/b/a NEXT DAY LOAN

**MEMORANDUM AND ORDER**

Cynthia Dixon brought this putative class action against Calusa Investments, LLC ("Calusa") alleging that Calusa violated the Fair Credit Reporting Act ("FCRA") because after obtaining her private credit information, Calusa did not extend to her a "firm offer of credit" which the statute requires as condition for obtaining such information without a consumer's consent. 15 U.S.C. §1681a(1).

The case is before the Court for consideration of Dixon's objection to a magistrate judge's Report and Recommendation ("R&R") recommending that Calusa's motion to dismiss be granted. Based on the First Circuit's recent decision in Sullivan v. Greenwood Credit Union, -- F.3d --, 2008 WL 726135 (1st. Cir., March 19, 2008), Dixon's objections are overruled and Calusa's motion to dismiss is granted.

**Background**

In August and September fo 2006, Cynthia Dixon received three

separate mailers from Calusa over a period of several weeks informing her that she had been pre-selected as eligible to obtain a "Debt Consolidation Loan." Two of the mailers were virtually identical, but for the date. See Appendix A. The third mailer contained essentially the same information but in a different format. See Appendix B. It appears that the mailers were sent to Dixon because her name appeared on a list purchased by Calusa from a credit bureau which identified consumers who met certain financial criteria specified by Calusa.

While the mailers speak for themselves, they clearly do not set forth specific terms for any proposed loan but they do state that any loan would be conditioned on Dixon's credit information meeting the criteria that were used to select her to receive the mailer and that Dixon would be required to post collateral in the form of an "owner-occupied one or two family residence" in order to obtain her loan. Dixon never applied for a loan from Calusa, but, instead, brought this action.

**Standard of Review**

A motion to dismiss made pursuant to Rule 12(b)(6) may be granted only if it appears that the plaintiffs cannot prove any set of facts entitling them to relief. Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir. 1994). In ruling on such a motion, the Court takes the well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiffs.

Barrios-Velazquez v. Asociacion De Empleados Del Estado Libre Asociado De Puerto Rico, 84 F.3d 487, 489-90 (1st Cir. 1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). However, the Court need not credit "bald assertions," subjective characterizations or "unsubstantiated conclusions." Rodi v. Southern New Eng. Sch. Of Law, 389 F.3d 5, 10 (1st Cir. 2004). Exhibits to a complaint are considered part of the pleadings of purposes of a motion to dismiss. Fed. R. Civ. P. 10(c); Blackstone Realty LLC v. Fed. Deposit Ins. Corp., 244 F. 3d 193, 195 (1st Cir. 2001).

A district court reviews a magistrate judge's R&R de novo. Fed. R. Civ. P. 72(b)(3); United States v. Raddatz, 447 U.S. 667, 673-674 (1980). In this case, such review must take into account the First Circuit's intervening decision in Sullivan.

## Analysis

The Fair Credit Reporting Act

"Congress enacted the FCRA to protect consumer privacy in the information maintained by consumer reporting agencies." Cavin v. Home Loan Center, Inc. 469 F.Supp.2d 561, 565-66 (N.D. Ill. 2007). In general, FCRA prohibits a creditor from obtaining a consumer's credit information without the consumer's consent. 15 U.S.C. § 1681b(a). However, the statute allows a creditor, without a

consumer's consent, "to purchase pre-screened lists of names and addresses of consumers who meet certain criteria as long as the creditor plans to extend to the consumer a 'firm offer of credit'." Sullivan, 2008 WL 726135 at *3. The rationale for that exception is that permitting creditors to inform a consumer about the availability of credit and to compare the terms upon which credit may be obtained from various sources provides the consumer with something of value that justifies the infringement of privacy that results when the consumer's information is disclosed. Id. at *7.

FCRA defines a "firm offer of credit" as "any offer of credit . . . to a consumer that will be honored if the consumer is determined, based on information in a report to the consumer, to meet the specific criteria used to select the consumer for the offer." 15 U.S.C. § 1681a(l). FCRA also enumerates several conditions on which the offer may be based, namely:

> 1) The consumer being determined to be credit worthy based on information in the credit report and established prior to the offer;
>
> 2) Verification that the information about the consumer's credit worthiness on which the offer was based is still accurate and that the information in the consumer's application is correct;
>
> 3) The furnishing of collateral by the consumer, if so required by the loan offered, as long as such collateral was established before selection of the consumer for the loan and such requirement is disclosed in the offer.

15 U.S.C. § 1681a(l)(1)-(3).

"Firm Offer of Credit"

Dixon argues that Calusa's mailers did not amount to a "firm offer of credit" because they lacked sufficient terms to constitute an "offer." More specifically, Dixon points out to that the mailer lacks material terms such as interest rate or repayment term and that it fails to disclose even a guaranteed minimum loan amount. Instead, the mailer simply lists what it calls "example" information for a loan amount of $265,625.00. Dixon argues that the absence of terms renders the offer devoid of "value" and thus does not qualify as a "firm offer of credit" under FCRA. In support of her argument, Dixon relies primarily on citing Cole v. U.S. Capital, 389 F.3d 719 (7th Cir. 2004).

Before Sullivan, Dixon's argument might have been persuasive. The seemingly circular definition of "firm offer of credit" as an "offer of credit" could be read as suggesting that it must contain sufficient terms to constitute what contract law would deem an "offer." Indeed, courts have expressed a variety of views as to what information must be contained in a "firm offer of credit." See Cole, 389 F.3d 719 (holding that the amount specified in offer must be sufficient to justify the invasion of the consumer's privacy.); Perry v. First National Bank, 459 F.3d 816, 824 (7th Cir. 2006) (suggesting that interest rate and other material terms must be disclosed); Sullivan v. Greenwood Credit Union, 499 F.Supp.2d 83, 87 (D.Mass. 2007)("the firm of offer need only comply

with federal requirements and not be a 'sham offer used to pitch a product rather than extend credit'," citing Dixon v. Shamrock Financial Corp., 482 F.Supp.2d 172, 176 n.4 (D.Mass. 2007); Soroka v. J.P. Morgan Chase & Co., 500 F.Supp.2d 217, 222 (S.D.N.Y. 2007) (the only term that needs to be disclosed is whether collateral is required). The only common premise on which these decisions appear to rest is that the offer must be sufficient to justify giving lenders access to the sensitive credit information relating to a consumer that is used in extending the "offer."

However, Dixon's argument was rejected in Sullivan. There, the First Circuit held that:

> an offer of credit meets the statutory definition so long as the creditor will not deny credit to the consumer if the consumer meets the creditor's pre-selection criteria. The term 'firm offer of credit' does require the offer or include additional terms other than the pre-selection criteria. As one court as colloquially put it, "a firm offer of credit under the Act really means 'a firm offer if you meet certain criteria.'"

Sullivan, 2008 WL 726135, at *6 (quoting Kennedy v. Chase Manhattan Bank, USA, NA, 369 F.3d 833, 841 (5th Cir. 2004)). The Sullivan court went on to state "the statute contemplates that there will be subsequent stages of communications beyond the 'firm offer of credit,' if the consumer is interested, during which additional terms will be offered" (Sullivan, 2008 WL 726135, at *6) and the Court pointedly noted that the plaintiff, in that case, had made no effort to avail himself of the "offer." Id. at *2.

In addition, the Sullivan court observed that the creditor received only "contact information" that the consumer "met certain pre-selection criteria" and it did not receive the consumer's "full credit report." Id. at *7. Accordingly, Sullivan concluded that there was only "a minimal invasion of privacy, offset by the value of the information in the letter to the [consumer]." Id.

Because Sullivan is indistinguishable from this case, Calusa's motion to dismiss is granted.

IT IS SO ORDERED.

By Order

Deputy Clerk

ENTER:

Ernest C. Torres
Sr. U.S. District Judge

Date: 3/25/08